UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Latonia W. Lister,

             Plaintiff

v.

City of Las Vegas,

             Defendant

Case No. 2:21-cv-00589-CDS-VCF

**Order Denying Defendant's Motion for Leave to File Motion for Summary Judgment & Striking Plaintiff's Motion for Leave to File Document**

[ECF Nos. 34, 35]

      Pending before the court are two motions: defendant City of Las Vegas's motion for leave to file a motion for summary judgment approximately six months after the due date for the motion, and plaintiff Latonia W. Lister's erroneously filed motion for leave to file a document. Because the City cannot demonstrate good cause in missing the dispositive motions deadline, I deny its motion. Because Lister's motion is better construed as a response to the City's motion, I strike her motion as an improper filing.

I.    **Procedural History**

      Lister filed her complaint on April 12, 2021, initiating this lawsuit. ECF No. 1. The parties stipulated to a discovery plan and scheduling order indicating that discovery would close on February 23, 2022, that dispositive motions would be due by March 25, 2022, and that they would submit a joint pretrial order by April 25, 2022. ECF No. 9. Those deadlines were extended twice by stipulation. ECF Nos. 14 (first extension), 18 (second extension). The discovery cut-off was further extended to October 1, 2022, following plaintiff's motion to compel a deposition. ECF No. 26. Neither party sought further extensions to the discovery cut-off of October 1, 2022. In mid-January 2023, the parties stipulated to stay the case pending mediation. ECF No. 30. After two months, they filed a joint status report indicating that they were unable to resolve the

matter in mediation. ECF No. 31. The very next day, on March 29, 2023, I ordered the parties to file a joint pretrial order by April 28, 2023. ECF No. 32. Neither party acted until April 24, 2023, when the City filed its motion for leave to file a motion for summary judgment. ECF No. 34.

**II.     Defendant's Motion for Leave (ECF No. 34)**

The City of Las Vegas asserts that good cause and excusable neglect support its request to allow a motion for summary judgment. ECF No. 34 at 3. Lister responds that the factual circumstances do not support a finding of either good cause or excusable neglect and that defendant's motion for leave represents an effort to further stall this case. ECF No. 35 at 5–6.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). "The Ninth Circuit has determined that it is appropriate to either strike or deny a motion as untimely where it is filed after the deadline without an accompanying request to modify the scheduling order." *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc.*, 2015 WL 12930131, at *1 (W.D. Wash. Dec. 10, 2015) (citing *Johnson*, 975 F.2d at 610 n.7); *see also Dedge v. Kendrick*, 849 F.2d 1398 (11th Cir. 1988) (holding that a district court properly denied a motion for summary judgment as untimely when the motion was filed after the deadline set forth in the scheduling order and the movant did not request a modification of the scheduling order).

The City's motion cites neither good cause nor excusable neglect for its delay in moving for leave to file a motion for summary judgment. The discovery cut-off was extended multiple times to October 1, 2022, and dispositive motions were thus due by October 31, 2022. The City did not file any motion—not a motion for summary judgment, nor a motion to modify the scheduling order, nor a motion to stay—between October 31, 2022, and January 12, 2023, when the parties agreed to stay the case pending mediation. The case was then stayed two months while the parties attempted to mediate this dispute, then the stay was lifted on March 29, 2023. ECF No. 32. The City finally moved for leave to file a motion for summary judgment on April 24, 2023, just days prior to the April 28 deadline for the joint pretrial order. ECF No. 34. It now

requests a "speedy" determination of this matter and cites the stay as a justification constituting excusable neglect. *Id.* at 3. But there was no stay in place between October 1, 2022, and October 31, 2022—the dates during which a motion for summary judgment would have been timely. There was also no stay in place between October 31, 2022, and January 12, 2023, dates during which the defendant could have sought a "speed[ier]" determination of the issues.

Finally, the City asserts that it would be "just" to permit it to seek summary judgment. *Id.* at 1, 3, 4. Quite the contrary—disregard of the scheduling order would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson*, 975 F.2d at 610 (citations omitted). To the extent that the City claims prejudice from not being able to present arguments at summary judgment, the City could "still make all the same arguments contained in its motion [for summary judgment] at trial, present the same evidence, and then, if appropriate, move for a directed verdict." *DZ Bank*, 2015 WL 12930131, at *1 n.1. I thus deny defendant's motion for leave to file a motion for summary judgment.

III.     Lister's Opposition (ECF No. 35)

The docket lists Lister as having filed a motion for leave to file documents, ECF No. 35, as well as a response to the City's motion for leave to file its motion for summary judgment, ECF No. 36. The two filings are identical but were docketed twice because the motion sought two forms of relief. *Compare* ECF No. 35 *with* ECF No. 36. District courts have the authority to strike filings under their inherent power to control the docket. *Shahroki v. Harter*, 2021 WL 4981069, at *1 (D. Nev. Oct. 26, 2021) (citing *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)). I exercise this authority to strike Lister's motion for leave to file, with the goal of reducing duplicative docket entries.

IV. Conclusion

IT IS HEREBY ORDERED that defendant's motion for leave to file motion for summary judgment [ECF No. 34] is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file documents [ECF No. 35] is STRICKEN from the record.

IT IS FURTHER ORDERED that the parties must file a joint pretrial order on or before May 25, 2023. This order supersedes the previous minute order, ECF No. 32, requiring a joint pretrial order to be filed by April 28.

IT IS SO ORDERED.

DATED: April 26, 2023

_____
Cristina D. Silva
United States District Judge