UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Latonia W. Lister,<br><br>          Plaintiff<br><br>     v.<br><br>City of Las Vegas, et al.,<br><br>          Defendants | Case No. 2:21-cv-00589-CDS-MDC<br><br>Order Granting in Part, Denying in Part, and Deferring in Part Defendant's Motions in Limine, and Order to Show Cause<br><br>[ECF No. 50] |

This is an employment action that is currently set for trial on February 26, 2024. Defendant the City of Las Vegas filed a single motion in limine addressing six separate issues. ECF No. 50. Lister has responded to the motion. ECF Nos. 54, 55, 56, 57. The motion is now fully briefed. As set forth herein, I deny motions in limine 1–3, grant in part and deny in part motion in limine 4, grant as unopposed motion in limine 5, and defer ruling on motion in limine 6 until after Lister responds to the show cause order regarding her violation of Federal Rule 26(a)(2)(C).

I. **Legal standard**

Motions in limine are a well-recognized judicial practice authorized under case law. *See Ohler v. United States*, 529 U.S. 753, 758 (2000). The court's power to rule on motions in limine stems from "the court's inherent power to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Trial courts have broad discretion when ruling on such motions. *See Sweeney v. Chang*, 2019 WL 1431583, at *2 (C.D. Cal. Mar. 26, 2019) (citing *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 664, 664 (7th Cir. 2002)). Regardless of the court's initial decision on a motion in limine, any issues can be revised during trial. *See* Fed. R. Evid. 103, Advisory Committee's Note to 2000 Amendment ("Even where the court's ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."); *Luce*, 469 U.S. at 41–42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the

exercise of sound judicial discretion, to alter a previous in limine ruling."). "The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41–42).

## II.     Discussion

Defendant moves to preclude Lister from introducing: (1) evidence regarding damages; (2) "retaliation" evidence; (3) proposed witness Dellena Criner; (4) any evidence of non-party Michael Benemann's failure to appear for a deposition; (5) reference to "injunctive relief" or attempts to seek injunctive relief; and (6) "expert testimony" from a treating physician. *See generally* ECF No. 50. Lister filed oppositions to motions in limine. ECF Nos. 54, 55, 56, 57.

### A.     Defendant's Motion in Limine 1, regarding damages, is denied.

It is axiomatic that "one of the most basic propositions of law … [is that] that the plaintiff bears the burden of proving his case, including the amount of damages." *Faria v. M/V Louise*, 945 F.2d 1142, 1143 (9th Cir. 1991) (citation omitted). This is consistent with the purpose behind Rule 26(a)(1)(A)(iii), which requires the disclosure of "a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). Relatedly, Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The remedy for not complying with disclosure requirements is set forth in Fed. R. Civ. P. 37(c)(1), which prohibits the use at trial of any information that is not properly disclosed. However, exclusion is not appropriate if the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Defendant seeks to exclude Lister's claim for damages, arguing that Lister only made one, insufficient disclosure in violation of Fed. R. Civ. P. 26(a)(1)(A)(iii). *See generally*, ECF No. 50 at 8–13. Defendant also argues that Lister failed to provide any sort of damages amount or calculations, and further that Lister did not provide any computation methodology or

supporting documentation for any damages she claims, making defending against her damages claims unfeasible, and therefore not harmless given the proximately to trial. *Id.* at 10–13.

  Lister opposes the motion to exclude damages evidence, arguing that defendant incorrectly represents that she failed to supplement her damages disclosure. *See generally* ECF No. 54. Lister provides the court with a copy of her supplemental damages disclosures that were provided to defendant on September 13, 2021. Plaintiff's First Suppl. Disclosure, Pl.'s Ex. 1, ECF No. 54-1. That supplemental disclosure includes her request for back pay with interest,[1] a request for compensatory damages, unliquidated damages, any permissible pre-judgment interest, fees and costs, and any applicable equitable relief. *Id.* at 4–6. In support of her request for back pay, Lister provided time-off totals, pay slip information, and a printout of the Transparent Nevada website[2] that lists her job title, regular pay, overtime pay, other pay, total pay, total benefits, and total pay plus benefits. *Id.* at 9–15. Defendant did not file a reply.

  Contrary to defendant's motion, Lister supplemented her initial damages disclosures to include how much back pay she was seeking, with the calculations used to determine that amount, and supporting documents. *See* ECF No. 54-1 at 4–5. That supplemental disclosure includes how much compensatory damages she is seeking, and other requested fees and damages. *Id.*

  Based on the information before the court, I deny defendant's motion to preclude evidence or testimony regarding damages. To the extent defendant is challenging the computation, or the type of damages Lister seeks to recover, those issues were not argued to the court.

---

[1] The disclosure states that Lister is not seeking back pay for lost wages. ECF No. 54-1 at 4.

[2] TransparentNevada.com is a website that provides salary and pension information for Nevada public employees. Provided by the Nevada Policy Research Institute as a public service, it provides accurate, comprehensive and easily searchable information on the compensation of public employees in Nevada. *See* https://transparaentnevada.com/pages.about/ (last accessed on January 24, 2024).

### B. Defendant's motion in limine 2, to exclude evidence of retaliation, is denied without prejudice.

Defendant seeks to preclude Lister from using the word "retaliation" at trial, arguing that Lister has not suffered any "adverse employment actions," which is required to show retaliation. ECF No. 50 at 13–15. Lister opposes the motion, arguing that defendant's arguments do not warrant a blanket exclusion of retaliation evidence. *See generally* ECF No. 61. Lister also argues that retaliation evidence is relevant and the question of whether Lister has met her burden on her retaliation claims should be left to the jury. *Id.* at 4–5. In reply, defendant argues that Lister's opposition is devoid of points and authorities to support her arguments and that evidence of how Lister was negatively impacted following her complaints would confuse and mislead the jury and would also be a waste of time. ECF No. 63 at 2–3. Defendant reiterates that Lister fails to demonstrate she suffered any adverse employment action during the relevant time period. *Id.* at 3–4.

Given that Lister pleads retaliation in claims two and seven, her ability to present evidence related to those claims is certainly relevant. *See* Fed. R. Evid. 401 (evidence is relevant if it tends to make a fact at issue more or less likely). Accordingly, defendant's motion is denied on that ground.

It appears, however, that defendant is attempting to seek summary judgment on Lister's retaliation claims. The court makes this assumption based on defendant's argument that there is no evidence of an adverse employment action. ECF No. 50 at 14–15. First, "[a] motion in limine is not a proper vehicle by which to seek summary judgment on all or a portion of a claim." *See Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *8 (C.D. Cal. Mar. 7, 2011) (collecting cases).[3] Second, adverse employment actions can exist in many forms. *Fonseca v. Sysco Food Servs. of Arizona*,

---

[3] This is not the first case before this court where the City of Las Vegas has filed a "motion in limine" that in reality was a de facto motion for summary judgment. *See Finucan v. City of Las Vegas*, 2023 WL 7301607, at *4 (D. Nev. Nov. 3, 2023). Defendant is reminded it is required to follow the scheduling orders of the court, including deadlines for the filing of dispositive motions.

4

*Inc.*, 374 F.3d 840, 847 (9th Cir. 2004) (The Ninth Circuit discussing that an adverse employment action is broadly defined); *see, e.g., Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 500–01, 506 (9th Cir. 2000) (considering low rating on job performance review, decreased job responsibilities, and failure to receive promotions); *Hashimoto v. Dalton*, 118 F.3d 671, 674 (9th Cir. 1997) (considering negative job reference); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (considering transfer of job duties and "undeserved" performance ratings); *St. John v. Emp. Dev. Dep't.*, 642 F.2d 273, 274 (9th Cir. 1981) (finding a transfer to another job of the same pay and status could constitute an adverse employment action). Lister argues that she "experienced actions which a reasonable employee would have found materially adverse" to include "work[ing] in a hostile environment, [defendant] failing to protect Plaintiff from continued discrimination and harassment, [being] forc[ed] to work in an environment where she felt unsafe, [which] negatively affect[ed] [her] ability to obtain promotions, and [being] discourag[ed] her from using worker's compensation leave for her PTSD diagnosis." ECF No. 61 at 4. The court believes that Lister's identified experiences could constitute adverse employment actions so defendant's motion in limine 2 is denied.

But the motion is denied without prejudice. The court also believes that supplemental briefing pursuant to Federal Rule of Civil Procedure 56(f) on this issue is warranted. Defendant must file a supplemental brief, utilizing the summary judgment standard, addressing whether Lister's retaliation claims can survive summary judgment. Defendant's motion is due within one week of this order. Any opposition to the motion is due seven days after defendant's brief is filed.

### C. Defendant's motion in limine 3, to exclude the testimony of Dellena Criner, is denied without prejudice.

Defendant seeks to exclude plaintiff's proposed witness Dellena Criner as irrelevant, or in the alternative, prejudicial, arguing that her testimony would constitute improper bolstering, as well as cumulative. *See generally* ECF No. 50 at 15–16. Lister opposes the motion, arguing that Criner was a firsthand witness to some of the alleged "dog taunting" in April of 2019. ECF No. 55

5

at 5. Lister also argues that Criner can provide testimony regarding how she and Lister viewed the April 2019 event, and how she considered the supervisor's conduct to be abusive, hostile, and highly demoralizing. *Id.* Defendant did not file a reply.

Based on the information contained in the opposition to the motion, Criner witnessed some of the allegations set forth in the complaint. Federal Rule of Evidence 602 requires that "[g]enerally, a witness must have personal knowledge of the matter to which she testifies." Evidence to prove such knowledge may consist of the witness' own testimony. Fed. R. Evid. 602. Personal knowledge includes opinions and inferences grounded in observations and experience. *Great Am. Assur. Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009) (citing *United States v. Joy*, 192 F.3d 761, 767 (7th Cir. 1999)); *see also* Fed. R. Evid. 701 ("If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are … rationally based on the perception of the witness …"). It appears that Criner meets the requirements of Rule 602 and possibly Rule 701. Accordingly, Criner may testify regarding matters of which she has personal knowledge, within the confines of the Federal Rules of Evidence. Defendant's motion to exclude Criner's testimony is denied without prejudice. Any objection to specific testimony may be raised at the time of trial.

**D.     Defendant's motion in limine 4, to exclude argument evidence related to the non-appearance of Michael Benemann at his deposition, is granted in part and denied in part.**

Defendant seeks to preclude argument or evidence related to retired Fire Captain Michael Benemann's failure to appear for a deposition. ECF No. 50 at 16–18. Defendant argues that at the time Benemann's deposition notice was sent to the City of Las Vegas, Benemann was no longer an employee, and it could not compel his attendance. Defendant is concerned that Lister will argue that the City of Las Vegas discouraged his participation in the deposition, which is untrue and would be unfairly prejudicial. *Id.* at 17. Defendant notes that it did advise Lister that Benemann was "not interested in being deposed[,]" and further did not oppose

Lister's subsequent motion to compel Benemann's appearance. *Id.* Finally, defendant states that, to the best of its knowledge, Benemann was never served with the order compelling his attendance at his deposition. *Id.* (citing order granting motion to compel, ECF No. 26).

In opposition to the motion, Lister argues that Benemann should be precluded from testifying at trial for failing to appear at his deposition. ECF No. 56 at 5 (citing Fed. R. Civ. P. 37(b)(2)). Where a party "fails to obey an order to provide or permit discovery," the court may issue an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence[.]" Fed. R. Civ. P. 37(b)(2)(A). Rule 37 sanctions may be imposed "where the violation is due to willfulness, bad faith, or fault of the party." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006) (citation, emphasis, and internal quotation marks omitted)). Here is where Lister's request for an exclusionary sanction fails. First, sanctions may be permitted against a *party*–Benemann is a witness, not a party. Further, Lister sought to compel Benemann's attendance, but did not seek permission to serve that order on defendant. *See* Mot. to Compel, ECF No. 25 (seeking "[a]n order compelling Michael J. Benemann to appear for a deposition" but not seeking any specific relief regarding service). Lister fails to demonstrate that Benemann was personally served with the order or the second notice of deposition. *See* ECF No. 27 (Benemann's second notice of deposition, dated September 14, 2022, showing service via email to defendant's counsel, and via U.S. Mail to Benemann's last known address). Without personal service, the court cannot determine whether Benemann's failure to appear was inadvertent or done willfully or in bad faith. Accordingly, Lister's request to exclude Benemann is denied.

In the alternative, Lister argues that Benemann's failure to appear and "general disregard" for the court orders are relevant under Rule 401 as it constitutes evidence of bias. Thus, if permitted to testify, Lister submits that she should be able to cross-examine him about his failure to appear. I agree with Lister in part. Evidence of bias to attack a witness' credibility is relevant. *See United States v. Abel*, 469 U.S. 45, 51 (1984); *United State v. Hankey*, 203 F.3d 1160, 1171

(9th Cir. 2000). Thus, in accordance with the Federal Rules of Evidence, Lister will be permitted to inquire regarding Benemann's failure to appear at the first noticed deposition as there is some evidence before the court that he was aware of the deposition and chose not to appear. But there is no proof that Benemann ever received notice of the second scheduled deposition, so Lister may ask if he received the notice and then, depending on the answer, may be permitted to inquire further.

Defendant's request to preclude argument or suggestion that they directed or advised Benemann not to appear is granted. Lister wholly failed to address this argument in their opposition to the motion and "[t]he failure of an opposing party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." *See* Local Rule 7-2(d). Further, there is no evidence of such action by defendant before the court at this time, which would render such argument or suggestion potentially misleading and confusing for the jury.

E. **Defendant's motion in limine 5, regarding injunctive relief, is granted.**

Defendant seeks to exclude evidence of Lister's prayer for "injunctive relief and enjoinment." ECF No. 50 at 18 (citing ECF No. 1 at 32, ¶ 6). Lister failed to file an opposition to this motion, so I grant it as unopposed. *See* LR 7-2(d).

F. **Defendant's motion in limine 6, seeking to exclude treating physician testimony, is deferred.**

Defendant moves to exclude the testimony of individuals identified in Lister's initial disclosures as the "Persons Most Knowledgeable and/or Custodian of Records" from Changing Minds Psychiatry and University Medical Center (Def.'s Ex. E, ECF No. 50-5 at 3–4). ECF No. 50 at 19–20. Defendant argues that this notice suggests the witnesses may testify beyond the permissible scope as treating physicians. *Id.* Defendant further argues that even if the witnesses are going to testify as "treating physicians," Lister still had a duty to disclose their testimony pursuant to Fed. R. Civ. P. 26(a)(2)(C), arguing that here, Lister merely provided a "generic boilerplate summary" of the expected testimony for her treating physicians, and when defendant

attempted to obtain additional information regarding Lister's diagnosis and treatment via interrogatories, Lister objected and responded that the "medical documents speak for themselves." *Id.* at 20.

Lister filed an opposition,[4] arguing that she served her disclosures on August 30, 2021, with "discoverable information" regarding her medical care and/or treatment. ECF No. 57 at 4. She avers that defendant had plenty of time to depose the witnesses but failed to do so. *Id.* Lister also contends that defendant's motion is an improperly filed, "boilerplate motion" and that she has no intention of eliciting improper causation testimony from her treating physicians. *Id.* at 4–5. Defendant did not file a reply.

Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Relatedly, Rule 26(a)(2)(C) requires the timely disclosure of a "summary of the facts and opinions" to which a proposed witness will testify. Fed. R. Civ. P. 26(a)(2)(C). Lister's opposition all but admits that she failed to comply with Rule 26(a)(2)(C). Instead, and without any authority to support her position, she attempts to shift blame for her lack of compliance to defendant by asserting their failure to depose the witnesses.

"Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C)." *Carrillo v. B & J Andrews Enterprises, LLC*, 2013 WL 394207, at *4 (D. Nev. Jan. 29, 2013). In *Carillo*, the plaintiff attempted to argue that disclosure of treatment records was sufficient to satisfy disclosure requirements. *Id.* Magistrate Judge Hoffman (Ret.), following numerous courts, rejected that argument as counter to the goal of Rule 26, which is to "'increas[e] efficiency and reduc[e] unfair surprise.'" *Id.* (quoting *Brown v. Providence Med. Ctr.*, 2011

---

[4] The court notes that Lister failed to cite any points and authorities in support of her opposition, which could have resulted in the court granting defendant's motion. Because exclusion is a drastic sanction, the court declines to grant the motion on that basis alone.

9

WL 4498824, at *1 (D. Neb. Sept. 27, 2011)). Like Carrillo, Lister cannot and has not complied "'with the rule by disclosing the complete records of the treating physicians in issue.'" *Id.* at *6 (quoting *Kristensen ex rel. Kristensen v. Spotnitz*, 2011 WL 5320686 *2 (W.D. Va. June 3, 2011)).

When a party fails to provide information required by Rule 26(a) or 26(e), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The party facing the sanction has the burden of showing substantial justification or harmlessness. *See Yeti by Molly, Ltd.*, 259 F.3d at 1106–07. The factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). "[T]he court retains discretion to fashion appropriate relief in the event of a failure to disclose." *Amarin Pharma, Inc. v. W.-Ward Pharms. Int'l Ltd.*, 407 F. Supp. 3d 1103, 1116 (D. Nev. 2019) (quoting *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017)).

Because the court has no information regarding whether Lister's violation was justified or harmless, the court defers ruling on defendant's motion in limine 6. Lister is ordered to show cause why the treating physicians should not be excluded for failing to comply with Fed. R. Civ. P. 26(a)(2)(A) by February 14, 2024. Defendant may file a response on or before February 20, 2024. Unless ordered by the court, no reply is needed.

### III.   Conclusion

IT IS THEREFORE ORDERED that defendant's motions in limine [ECF No. 50] are resolved as follows:

Motion in limine 1 is DENIED.

Motion in limine 2 is DENIED WITHOUT PREJUDICE.

Motion in limine 3 is DENIED WITHOUT PREJUDICE.

Motion in limine 4 is GRANTED IN PART AND DENIED IN PART.

Motion in limine 5 is GRANTED.

Motion in limine 6 is DEFERRED.

IT IS FURTHER ORDERED that defendant must file a supplemental brief on whether Lister's retaliation claims can survive summary judgment by February 14, 2024. Any opposition is due by February 20, 2024.

IT IS FURTHER ORDERED that Lister show cause why the treating physicians should not be excluded for failing to comply with Fed. R. Civ. P. 26(a)(2)(A) by February 14, 2024.

DATED: February 7, 2024

_____
Cristina D. Silva
United States District Judge