UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Latonia W. Lister,

    Plaintiff

 v.

City of Las Vegas,

    Defendant

Case No. 2:21-cv-00589-CDS-MDC

**Order Granting Defendant's Motion in Limine #6 and Defendant's Motion for Summary Judgment on Lister's Retaliation Claim**

[ECF Nos. 50, 77]

  This employment action is currently set for trial on February 26, 2024. Defendant City of Las Vegas previously filed an omnibus motion seeking to resolve pre-trial matters. *See* ECF No. 50. In resolving that motion, I issued a show cause order requiring plaintiff Latonia Lister to respond to the City's allegation that Lister failed to comply with Federal Rule of Civil Procedure 26(a)(2)(A), and deferred ruling on the City's motion in limine #6. *See* Order, ECF No. 74 at 8–10. I also ordered the City to file a supplemental brief on whether Lister's retaliation claims can survive summary judgment. *Id.* Both papers were due by February 14, 2024. *Id.* The City complied and timely submitted its supplemental brief. *See* Supp. Brief, ECF No. 77. Lister was required to respond to the show cause order and file any opposition to the supplemental briefing by February 20, 2024. ECF No. 74 at 11. Lister failed to respond to the show cause order and filed her opposition to the City's supplemental brief one day after the deadline. *See* ECF No. 87 (filed on February 21, 2024).

  For the reasons set forth herein, I exclude Lister's "Persons Most Knowledgeable and/or Custodian of Records" from Changing Minds Psychiatry and University Medical Center as identified in her initial discovery disclosure. I further deny the City's motion for summary judgment on Lister's retaliation claim.

I.  **The City's motion in limine #6 to exclude "expert testimony" from treating physicians is granted.**

I deferred ruling on the City's motion to exclude the testimony of individuals identified in Lister's initial disclosures as the "Persons Most Knowledgeable and/or Custodian of Records" from Changing Minds Psychiatry and University Medical Center, and ordered Lister to a show cause by February 14, 2024 as to why she failed to comply with Federal Rule of Civil Procedure 26(a)(2)(A) so the court could determine if Lister's violation was justified or harmless. *See* Order, ECF No. 74 at 8–10 (discussing the factors the court uses to address a discovery violation). Lister did not respond to the show cause order. As a result, the court has no information explaining Lister's Rule 26 violation.

When a party fails to make the disclosures required by Rule 26(a), the party is not allowed to use the witness to supply evidence at trial unless it establishes that the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to [Rule 26's] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). Lister has failed to establish that her violation was substantially justified or harmless, so I exclude her witnesses identified as the "Persons Most Knowledgeable and/or Custodian of Records" from Changing Minds Psychiatry and University Medical Center identified in the City's Exhibit E. *See* Def.'s Ex. E, ECF No. 50-5 at 3–4.

II.  **The City's motion for summary judgment on Lister's retaliation claim is denied.**

The City moved in limine to preclude Lister from introducing evidence related to her retaliation claims. ECF No. 50 at 13–15. I ordered supplemental briefing pursuant to Federal Rule of Civil Procedure 56(f). ECF No. 74 at 11. The City filed its supplemental brief on February 14, 2024, arguing that this court should grant summary judgment on Lister's retaliation claims for relief because she did not suffer any "loss of pay, seniority, benefits, or suffered any other materially adverse employment action[,]" and further that Lister cannot establish that the

"minor" employment actions that did occur were pretext for retaliation. *See generally* Def.'s Supp. Brief, ECF No. 77 at 2. Lister opposes summary judgment, arguing that the City repeatedly violated its own zero-tolerance for acts of discrimination and its retaliation policy. *See generally* ECF No. 87. Lister claims that throughout her career, she has been subject to discrimination and harassment that she was intimidated to report because reporting would result in her being mistreated by her colleagues and supervisors. *Id.* She also claims that once she made complaints about her mistreatment, they were either ignored or resulted in derogatory or demeaning treatment by the Department. *Id.* at 5–6.

### A. Legal standard

Rule 56(c) provides that summary judgment is appropriate where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must not make credibility determinations or weigh conflicting evidence. *Id.* at 255. Rather, the court must view the evidence in the light most favorable to the non-moving party, drawing all "justifiable inferences" in its favor. *Id.* (internal citation omitted).

The movant bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has met its burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.* Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Pub. Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

B.   Analysis

To establish a prima facie[1] retaliation claim under the Title VII and NRS § 613.340,[2] Lister must show (1) her involvement in a protected activity, (2) that an adverse employment action was taken against her, and (3) a causal link between the two. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Retaliation claims pursuant to Title VII can be brought "against a much broader range of employer conduct than substantive claims of discrimination." *See Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1021 (9th Cir. 2018) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67–68 (2006)). "[A]n adverse employment action is adverse treatment that is reasonably likely to deter employees from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1237 (9th Cir. 2000). The causal connection can be inferred from circumstantial evidence such as [the defendant's] knowledge of the protected activities and the proximity in time between the protected activity and the adverse action." *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988). There is no bright line rule regarding temporal proximity, but lengthy temporal disparities can undermine a plaintiff's ability to satisfy this element. *See Stucky v. Hawaii Dep't of Educ.*, 2007 WL 602105, at *5 (D. Haw. Feb. 15, 2007) ("A temporal distance of several months makes a causal link more difficult to prove; a distance of five years severely undermines it."), *aff'd*, 283 Fed. App'x. 503 (9th Cir. 2008), *and cert. denied*, 555 U.S. 1101 (2009); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (holding that an 18-month lapse was insufficient to infer causation) (citing *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 398–99 (7th Cir. 1999) (finding that a 4-month lapse was too long)); *Adusumilli v. City of Chicago*, 164 F.3d 353, 363 (7th Cir. 1998) (finding that an 8-month lapse was too long), *cert. denied*, 528 U.S. 988 (1999); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (holding that a 9-month lapse between employee's complaint of discrimination and an adverse employment action insufficient for a causation inference).

---

[1] A prima facie case may be based on direct or circumstantial evidence. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994).

[2] Nev. Rev. Stat. § 613.340 retaliation claims are evaluated under the same legal standard as Title VII retaliation claims. *See Sternquist v. Humble Hearts LLC*, 2021 WL 3134902, at *3 (D. Nev. July 23, 2021).

The *McDonnell Douglas* burden-shifting framework applies to retaliation claims. If Lister establishes a prima facie case, then "the burden of production shifts to the defendant, who must offer evidence that the adverse action was taken for other than impermissibly discriminatory reasons." *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994). The plaintiff can rebut this by producing "specific, substantial evidence of pretext." *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996). Circumstantial evidence can establish pretext, *see Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1354 (9th Cir. 1984), but it must consist of "more than a mere refutation of the employer's legitimate reason and [a mere assertion] that the discriminatory reason be the cause of the firing." *Wallis* 26 F.3d at 890.

The City seemingly does not dispute that Lister reporting what happened to her could constitute protected activity. Rather, it contends that Lister cannot establish a prima facie retaliation claim because she did not suffer an adverse employment action in response to her protected activity.

Lister's retaliation claim is grounded in two main incidents,[3] which the court broadly describes as "the dog taunting incident," which allegedly occurred on April 7, 2019, and "the cereal incident," which allegedly occurred on June 6, 2019. *See* ECF No. 1 at 8–9, ¶¶ 30–37. Lister alleges that she suffered adverse employment actions after she reported those incidents, first to her Captain (following the dog taunting) and later to the City's Human Resource's office (in June 2019). Lister identifies several different retaliatory incidents, which she asserts created a hostile work environment,[4] such as various interactions with Benneman following the dog taunting episode, where he allegedly stared at her or followed her around in an intimidating matter, which led her to believe that Benneman was aware she had complained about the incident. *See* ECF No. 87 at 5–6. Lister identifies another incident where she was allegedly approached in a hallway by Benneman and two more male firefighters who made a "wall", which

---

[3] The court acknowledges that Lister sets forth other allegations in the complaint but references these two incidents based on pre-trial motion practice, including this motion for summary judgment.
[4] *See* ECF No. 87 at 7 ("Further illustrating the hostile work environment Benneman created….").

prevented her from passing by them, which made her feel unsafe.[5] *Id.* at 6. She also identifies a conversation between her and Benneman that resulted in her sending an email advising that she no longer felt comfortable speaking with Benneman about anything unrelated to work. *Id.* at 6. Lister's opposition describes other incidents that she identifies as adverse actions, including: (1) allegedly being denied access to her personnel file; and (2) the department altering her place on a seniority list, behind a white male. *Id* at 6–8.

Retaliation in the form of a hostile work environment is actionable only if it is "sufficiently severe or pervasive to alter the conditions of [Lister's] employment and create[d] an abusive working environment.'" *Porter v. California Dep't of Corr.*, 419 F.3d 885, 892 (9th Cir. 2005) (citing *Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003) *as amended* (Jan. 2, 2004)). To determine if Lister's work environment was sufficiently hostile, the court must "look to the totality of the circumstances, including the 'frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). The harassment "must be both objectively and subjectively offensive." *Id.* (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)). "'Simple teasing,' offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1189 (9th Cir. 2005) (citing *Faragher*, 524 U.S. at 788).

While a close call, and with limited exception,[6] the court finds that Lister presents sufficient evidence to create a genuine dispute that the circumstances were sufficiently severe or pervasive to create a hostile work environment, which could be an adverse employment action.

---

[5] The court notes that based on pre-trial motions practice, it appears this is the first time this incident has been identified by Lister.

[6] The court reserves ruling on the admissibility of Lister's 2019 worker's compensation claim for "trauma", which was denied. While Lister's PTSD condition may be admissible as part of her hostile work environment claim, the denial seems irrelevant without evidence that the City knew the "trauma" from which she was suffering was work-environment related, much less whether it contributed to its denial, or if the decision to deny the claim was made by an unrelated party. Thus, if Lister intends to introduce the denial in her case in chief, the court requires argument as to its admissibility beforehand.

*See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987) (holding that on summary judgment, the court must view the evidence in the light most favorable to the nonmoving party and inferences must be drawn in the light most favorable to the nonmoving party). Lister experienced a material change in her interactions with Benneman, and others within the department, after she complained about what happened in 2019; and on at least one occasion she felt unsafe while at work.

Finally, because the hostile circumstances set forth in Lister's complaint between 2019 and 2020 began within weeks of Lister's first complaint to her Captain in April 2019, I find that there is a sufficient inference of causation here. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731 (9th Cir. 1986) (finding two months sufficient to establish causation and stating "causation sufficient to establish a prima facie case of unlawful retaliation may be inferred from the proximity in time between the protected action and the allegedly retaliatory discharge"). The City's arguments to exclude some of Lister's allegations are not a basis to grant summary judgment in its favor.

## III.   Conclusion

IT IS THEREFORE ORDERED that the City's motion in limine #6 **[ECF No. 50]** is **GRANTED**.

IT IS FURTHER ORDERED that the City's motion for summary judgment **[ECF No. 77]** is DENIED.

Dated: February 23, 2024

_____
Cristina D. Silva
United States District Judge