UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Latonia W. Lister,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>City of Las Vegas,<br><br>　　　　　Defendant | Case No. 2:21-cv-00589-CDS-MDC<br><br>**Order Denying Motion for a New Trial and Setting Aside Jury's Award of Damages**<br><br>[ECF No. 108] |

　　　This is a Title VII employment action brought by plaintiff Latonia Lister. In February of this year, the case proceeded to trial. *See* Mins. of Proceedings, ECF Nos. 90; 93; 94; 97; 104; 107. At the conclusion of trial, the jury returned an inconsistent verdict, specifically, completing the "damages" section of the verdict form even though the jury found that there was no Title VII violation. *See* Verdict Form, ECF No. 100. As a result, the court invited post-trial briefing on the issue of damages.

　　　On March 15, 2024, Lister filed a timely post-trial brief arguing this court committed error by accepting the verdict and dismissing the jury without first resubmitting the question of damages to the jury for consideration. *See generally*, Brief, ECF No. 108. Lister further argues that because of that error, she is entitled to a new trial. *Id*. Defendant, the City of Las Vegas (the City), timely filed an opposition arguing that application of Ninth Circuit authority requires that the jury's damages award be disregarded as surplusage, and further that Lister's request for a new trial should be denied. *See generally*, ECF No. 109. The matter is now fully briefed. For the reasons set forth herein, I deny Lister's request for a new trial and kindly ask the Clerk of Court enter judgment in favor of the City.

I.   Relevant background information

Following a 5-day jury trial, the parties settled jury instructions and then stipulated to an agreed upon verdict form that contained specific interrogatories. *See* Verdict Form, ECF No. 100. The jury made the following determinations:

- First, the jury determined that the April 7, 2019 incident was "severe or pervasive" and was "objectively and subjectively offensive to a reasonable person." *Id.* at 1
- The jury then found, however, that the April 7, 2019 incident was not motivated by gender or race. *Id.*
- Finally, the jury determined that Lister was not discriminated against based on her race nor her gender, and that Lister was not retaliated against by the City for reporting the April 7, 2019 incident. *Id.* at 2.
- Despite finding that there was not a Title VII violation (neither discrimination nor retaliation), the jury nonetheless completed the "damages" portion of the verdict form, seeking to award Lister $150,000 in damages for pain and suffering. *Id.* at 2.

When the jury returned the verdict, I reviewed the form before publication, and saw that the jury awarded damages without finding a substantive law violation. *See* ECF No. 100. After taking a break to contemplate how to resolve the issue, I returned to the courtroom, published the verdict, and then polled each juror to ensure the verdict properly reflected their findings and that the verdict reflected each individual juror's true and correct verdict. The jury was then thanked for their service and discharged. The court then discussed the damages issues with the parties, after which a briefing schedule was set to give each side an opportunity to be heard.

## II. Legal standard

"The Federal Rules of Civil Procedure explicitly contemplate two types of verdicts, special verdicts, *see* Fed. R. Civ. P. 49(a), and general verdicts with interrogatories, *see* Fed. R. Civ. P. 49(b), and implicitly contemplate common law general verdicts without interrogatories." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1031 (9th Cir. 2003). "Both special verdicts and interrogatories comprise only factual findings; a special verdict is 'in the form of a special written finding upon each issue of fact,' Fed. R. Civ. P. 49(a), and interrogatories are returned 'upon one or more issues of fact the decision of which is necessary to a verdict,' Fed. R. Civ. P. 49(b)." *Id.*

Pursuant to Rule 49, when the jury's answers to interrogatories are inconsistent with the verdict, the district court may order a new trial. *See* Fed. R. Civ. P. 49(b)(3). Courts have a duty under the Seventh Amendment to harmonize a jury's special verdict answers if harmonization is possible under a fair reading of the answers. *Floyd v. Laws*, 929 F.2d 1390, 1396 (9th Cir. 1991) (citing *Gallick v. Baltimore & O. R. Co.*, 372 U.S. 108, 120 (1963)) "A court is also obligated to try to reconcile the jury's findings by exegesis, if necessary." *Id*. The Ninth Circuit instructs that a new trial should only be granted "in the case of fatal inconsistency." *Id*. Further, when attempting to reconcile the verdict, the court must "view [ ] the case in any reasonable way that makes the verdicts consistent." *Flores v. City of Westminster*, 873 F.3d 739, 756–757 (9th Cir. 2017) (citing *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1347 (8th Cir. 1996)); *see also White v. Ford Motor Co.*, 312 F.3d 998, 1005 (9th Cir. 2002) ("In an inconsistent verdict case, a court asks, not whether the verdict necessarily makes sense under any reading, but whether it can be read in light of the evidence to make sense."), *amended on denial of reh'g*, 335 F.3d 833 (9th Cir. 2003).

## III. Discussion

As a threshold matter, I must first address whether the jury rendered a special or general verdict because "inconsistent general verdicts typically are permitted to stand, … whereas irreconcilably inconsistent special verdicts may require a new trial." *Duhn Oil Tool, Inc. v. Cooper*

*Cameron Corp.*, 818 F. Supp. 2d 1193, 1219 (E.D. Cal. 2011) (citing *Zhang*, 339 F.3d at 1036–38). Indeed, a party waives a claim of inconsistent verdicts based on general verdicts or general verdicts with written questions under Federal Rule of Civil Procedure 49(b) if the party does not timely object to the alleged inconsistency before the jury is discharged. *Pierce v. S. Pac. Transp. Co.*, 823 F.2d 1366, 1370 (9th Cir. 1987) (citations omitted).

Lister seemingly argues that the jury returned a special verdict. *See* ECF No. 108 at 3–4 (discussing Fed. R. Civ. P. 49(a) which applies to special verdicts); *id.* at 6 (discussing the duties of the trial court when faced with inconsistent special verdicts). However, Lister also references subsection (b) of Rule 49, which applies to general verdicts. *Id.* at 3. The City argues that the jury returned a special verdict, so Lister waived any objection thereto because she not only failed to object before the jury retired to deliberate, but also stipulated to the form itself. ECF No. 109 at 10–11. The City also argues that: the court properly exercised its discretion by releasing the jury because Lister cannot recover any damages as a matter of law; the inconsistency in the verdict form can be reconciled; and the jury's completion of the "damages" portion of the verdict form was surplusage[1] and should disregarded. *Id.*

I join another court in this circuit and find that "[t]he line between a special verdict and a general verdict with questions is notoriously hard to find." *Raymond v. Wilcox Mem'l Hosp.*, 2019 WL 3022187 (D. Haw. July 10, 2019) (comparing cases); *see also Floyd*, 929 F.2d at 1395 ("a general verdict with interrogatories is virtually indistinguishable from that of a special verdict."). Here, the verdict could be interpreted as either a special verdict or a general verdict with written interrogatories. This is because the jury's pronouncements were not limited to factual findings (i.e., determining whether Lister was subjected to severe or pervasive and objectively and

---

[1] The Ninth Circuit has repeatedly limited a determination of "surplusage" in a verdict form to situations where the jury violated an express instruction not to answer a particular question. *See, e.g., Molina v. City of Oxnard*, 173 F. App'x. 577, 580 (9th Cir. 2006) (Unpub. Disp.) ("Under the record presented here, it would be improper to treat the jury's award of damages in question six as illegitimate surplusage. Unlike Floyd, the jury was not expressly instructed to skip the damages question"). Here, the jury was not expressly instructed not to answer question 4 if they did not find liability to questions 1–3. *See* ECF No. 100 at 2. Accordingly, the court does not find the award of damages as surplusage.

4

subjectively offensive conduct), but also included determining the ultimate legal result (i.e., whether there a Title VII violation and/or unlawful retaliation). *Compare O'Phelan v. Loy*, 497 F. App'x. 720 (9th Cir. 2012) (finding that the special verdict was comprised of only factual findings) (emphasis added), *with Embroidery Indus., Inc. v. Brasking, Inc.*, 60 F. App'x. 111, 114–15 (9th Cir. 2003) (stating that "the critical difference between a special verdict and a general verdict is that, in a special verdict under Rule 49(a), the jury is requested to make findings limited to specific factual issues, while in a general verdict pursuant to Rule 49(b), the jury must respond to special interrogatories concerning its factual findings, and, in addition, decide which party should prevail after applying the law to the facts"). For the reasons stated herein, whether considered as either a general or special verdict, Lister's request for a new trial under Rule 49 fails.

> **A. If considered a general verdict, the verdict stands because any alleged inconsistency can be harmonized.**

Longstanding Ninth Circuit precedent dictates that most general verdicts should stand even if there is an inconsistency. *See Int'l Longshoremen's & Warehousemen's Union v. Hawaiian Pineapple Co.*, 226 F.2d 875 (9th Cir. 1955) (upholding a general verdict finding unions liable but exonerating individual union officials because "[t]hat is the jury's prerogative."). Putting aside Lister's likely waiver[2] on this issue, she correctly argues that Rule 49(b)(3) provides that a court may resubmit an inconsistent verdict to the jury. But that is not the only option under that Rule. Indeed, subsection (b)(3)(A) permits the court to approve an appropriate judgment in accordance with the answers, which is what the court did here. The jury was clear, both on the form and again when polled, that there was no substantive law violation by the City. *See* Verdict Form, ECF No. 100.

---

[2] The Ninth Circuit operates under a "strict waiver rule" when it comes to raising an inconsistency in a general verdict form—a party must object to an inconsistency before the jury is discharged. *See Zhang*, 339 F.3d at 1033. Lister failed to object here which arguably precludes this motion. However, because the verdict form can be interpreted as general or special, the court does not reach a decision on waiver, as the motion can be resolved on the merits.

Further, "when there is tension between a general verdict and written interrogatories the district court must attempt to sustain the judgment by harmonizing the answers and the verdict." *Wilks v. Reyes*, 5 F.3d 412, 415 (9th Cir. 1993); *see also White*, 312 F.3d at 1005 ("In an inconsistent verdict case, a court asks, not whether the verdict necessarily makes sense under any reading, but whether it can be read in light of the evidence to make sense."). The verdict form here can be harmonized: based on the evidence presented at trial, the jury found that Lister had suffered "severe or pervasive" and "objectively and subjectively offensive to a reasonable person" conduct in the workplace and they wanted to compensate her, but the City was not liable under Title VII for what Lister endured. In fact, the jury's determination that the City was not liable was *consistent.* The only inconsistency on the verdict form was the jury's desire to award Lister damages without finding the City liable; but this inconsistency was not fatal. Fatal inconsistencies occur when one or more of the answers to interrogatories are also inconsistent with one or more of the factual findings. *See Duhn Oil Tool, Inc.*, 818 F. Supp. 2d at 1220–1221. There is no such fatality here—the answers to the interrogatories were consistent with the jury's determination that the City was not liable.

Based on the well-established principles set forth in *Zhang* and its progeny, if considered a general verdict, the court finds no reason to disturb the jury's verdict. 339 F.3d at 1035–36; *see Williams v. Gaye*, 885 F.3d 1150, 1176 (9th Cir. 2018) (finding that district court erred in overturning the jury's general verdicts); *Giel v. GMAC*, 2009 U.S. Dist. LEXIS 2758, *2 (W.D. Wash. Jan. 7, 2009) ("The verdicts in this case were general, not special, verdicts as defined in *Zhang*, [and] it is inappropriate to set aside inconsistent general verdicts.") (emphasis in original); *Best W. Int'l, Inc. v. Patel*, 2008 WL 205286, at *2 (D. Ariz. Jan. 23, 2008) ("Even if the Court did find the verdicts irreconcilable, case law suggests that irreconcilable verdicts can stand."). Accordingly, to the extent the verdict form is considered general, Lister is not entitled to a new trial.

    **B.   If considered a special verdict, the verdict stands because any inconsistency on the special verdict form can be conformed to factual findings of the jury in favor of the City.**

Even if the court were to conclude that the verdict form was a special verdict, the result would be the same. When resolving issues with special verdicts, "[i]t is the duty of the court to attempt to harmonize the answers, if it is possible under a fair reading of them." C. Wright & A. Miller, Federal Practice and Procedure § 2510, at 515 (2d ed. 1971) (footnote omitted). "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962). Putting aside Lister's potential waiver,[3] the record and verdict demonstrates that the jury found no violation of law based on race or gender, nor any retaliation for reporting what she perceived as discriminatory conduct, so no damages could be awarded because compensatory damages are only permissible once liability is found. *See Smith v. Wade*, 461 U.S. 30, 52 (1983); *see also Carey v. Piphus*, 435 U.S. 247, 264 (1978) (no compensatory damages could be awarded for violation of § 1983 right absent proof of actual injury); *see also Grazier v. City of Philadelphia*, 328 F.3d 120, 124 (3d Cir. 2003) (alteration in original) (citation omitted) (addressing a *Monell* claim, holding "[t]here cannot be an 'award of damages against a municipal corporation based on the actions of… its officer when in face… the officer[s] inflicted no constitutional harm.'"); *DC3 Ent., LLC v. John Galt Ent., Inc.*, 2007 U.S. Dist. LEXIS 593, at *9–10 (W.D. Wash. Jan. 4, 2007) (holding in case alleging religious and sexual harassment and discrimination, that if the jury cannot find every element as required by the special verdict form, then there is no liability, and the jury may

---

[3] Lister could have, e.g., asked that the jury be directed to follow the instructions on the verdict form, but failed to do so. *See Floyd*, 929 F.2d at 1396 (indicating that a trial court has the authority to "resubmit[] [a] special verdict to the jury, provided the jurors have not been discharged."). This could constitute a waiver by Lister on this issue. *See Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1331 (9th Cir. 1995) (holding counsel risks waiver by failing to raise the issue before the jury is excused). But the court does not enter a finding on the waiver issue because it is able to reconcile the jury's verdict.

not award damages). The jury unequivocally[4] did not find a Title VII violation, so the jury's verdict was consistent.

The court agrees that *Freeman v. Chicago Park District*, also a Title VII action,[5] is instructive in resolving this issue. 189 F.3d 613 (7th Cir. 1999). The *Freeman* jury returned special verdict forms, and like here, found the defendant (a school district) had harassed the plaintiff, but also found that race was not one of the reasons behind the harassment, nor was race the reason for her discharge. *Id.* at 615. Also, like here, that jury found that the school district did not retaliate against the plaintiff for lodging discrimination complaints. *Id.* Nonetheless, the jury then elected to award the plaintiff damages because of the school district's harassment, termination, and/or retaliation. *Id.* The district court set aside the jury's award of punitive damages, and the plaintiff appealed. In affirming the district court's decision, the Seventh Circuit held "[t]he jury found that the plaintiff was harassed (apparently for reasons other than those protected by Title VII), and suffered damages, or a loss, in the amount of $45,000. []The judge [had to] enter judgment for the defendant, because the jury found that the harassment was not motivated by racial prejudice, and therefore, the plaintiff did not establish a Title VII violation." *Id.* at 616.

That is almost a mirror result of what happened in this case. Here, the jury found the April 7, 2019 incident to be "severe or pervasive" and "objectively and subjectively offensive to a reasonable person" and, understandably, they wanted compensate Lister for it. But Lister is not entitled to the damages award because the jury determined that the motivation behind the event was not based on race or gender.

---

[4] The jury answered "no" to whether the City discriminated against Lister based on race or gender (*see* ECF No. 100),"no" to the question regarding whether Lister was retaliated against (*id.*), and then each individual juror affirmed their answers when polled. Lister argues that because the jury was not polled on damages or asked to resolve the inconsistency, it would be a miscarriage of justice to enter judgment in favor of the City. ECF No. 108. But Lister fails to address the jury's repeat affirmations that there was no Title VII violation nor retaliation by the City. Certainly, the phrasing of the damages question appears inconsistent with the remainder of the verdict, but that is precisely why the court polled the jury as to the substantive law violations.

[5] Freeman also brought a claim under 42 U.S.C. § 1981.

A court may only order a new trial if all attempts at reconciliation fail. *Floyd*, 929 F.2d at 1396. Here, the court can reconcile the jury's verdict so Lister's motion for a new trial is denied.

### III.  Conclusion

IT IS THEREFORE ORDERED that Lister's motion for a new trial **[ECF No. 108]** is **DENIED.**

The Clerk of Court is kindly requested to enter judgment in favor of defendant, the City of Las Vegas.

Dated: May 28, 2024

_____
Cristina D. Silva
United States District Judge